IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| H. C. *a minor by his parents, et al*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOHN SHAFFER *in his individual capacity*, *et al*, <br><br> *Defendants*. | Civil Action No. 2:24-cv-1220 <br><br> Hon. William S. Stickman IV |

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiffs Ashley and David Campbell (collectively "Plaintiffs"), on behalf of their minor son, H.C., brought this action against John Shaffer ("Shaffer") and Sharon City School District ("School District") (collectively "Defendants"). (ECF No. 3). At Count I (asserted against Shaffer in his individual capacity), Plaintiffs allege that Shaffer violated 42 U.S.C. § 1983 by acting with deliberate indifference to the rights and personal safety of H.C. and disregarding a substantial risk of harm to H.C. (*Id.* ¶¶ 33-45).[1] At Count II (asserted against Shaffer in his individual capacity), Plaintiffs allege that Shaffer acted negligently by breaching his duty of care to H.C. and, as a result, directly and proximately causing H.C. pain, suffering, bodily injury, and monetary damages. (*Id.* ¶¶ 46-52). At Count III, Plaintiffs allege a claim of respondeat superior against the School District for the acts of Shaffer within the scope and course of his employment with the School District.

---

[1] There apparently was some confusion between the parties as to whether Plaintiffs were also alleging an equal protection claim in Count I. Plaintiffs clarified in their brief in opposition to Defendants' motion that "Plaintiff does not allege a violation of the Equal Protection Claim [sic] in Count I." (ECF No. 11, p. 12). Thus, the Court disregards Defendants' arguments regarding the equal protection clause.

1

(*Id.* ¶¶ 53-56). At Count IV, Plaintiffs allege a claim of negligent supervision against the School District for, in part, failing to maintain proper supervision of Shaffer and failing to provide a safe environment for H.C. (*Id.* ¶¶ 57-58). Defendants filed a motion to dismiss Plaintiffs' complaint ("Motion") (ECF No. 8) and a supporting brief (ECF No. 9). For the reasons articulated below, the Court will grant Defendants' Motion and dismiss Count I with prejudice. The Court will dismiss Counts II-IV without prejudice for Plaintiffs to assert these claims in state court.

## I.  FACTUAL BACKGROUND

In the fall of 2023, H.C. was a high school student attending the School District. (ECF No. 3, ¶ 8). Shaffer, a technology teacher, was one of H.C.'s instructors. (*Id.*). On October 20, 2023, H.C. was attending Shaffer's class in the "Steam App 2" classroom. (*Id.* ¶ 9). Shaffer briefly verbally instructed several students on how to use a Powermatic jointer saw ("saw"). (*Id.* ¶ 15). H.C. had not been previously trained on how to safely operate this specific type of saw. (*Id.* ¶ 16). Plaintiffs allege that Shaffer's instructions were insufficient because:

> Shaffer failed to notify H.C. that he should not have his fingers hanging off the front or side of the board or the thumb or palm of his hand trailing or pushing the board;
>
> Shaffer did not instruct H.C. to follow the three-inch rule whereby his hands must never be closer than three inches to the cutterhead; [and]
>
> Shaffer did not instruct H.C. that he needed to use push paddles nor did he provide him with other proper equipment necessary to safely operate the jointer saw.

(*Id.* ¶¶ 18-20). Shaffer directed H.C. to cut a board with the saw. (*Id.* ¶ 21). Shaffer left H.C. unattended while H.C. was performing the cut. (*Id.* ¶ 22). While using the saw, H.C.'s hand was pulled into the blade area of the saw. (*Id.* ¶ 23). H.C. sustained bodily injury including the amputation of his index finger at the base of distal phalanx, amputation of his ring finger at the middle phalanges, and amputation of his little finger at the middle phalanges. (*Id.* ¶ 24). Shaffer

was allegedly aware that the saw was not equipped with proper safety devices including "flesh protection technology" and a "blade guard." (*Id.* ¶¶ 25-26).

## II. STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### III. ANALYSIS

### I.    Count I (42 U.S.C. § 1983 Claim Asserted Against Shaffer)

At Count I, Plaintiffs allege that Shaffer violated 42 U.S.C. § 1983 ("§ 1983") by impinging on H.C.'s Fourteenth Amendment rights. Plaintiffs assert this claim under a state-created danger theory. Plaintiffs allege that Shaffer, by directing H.C. to perform a cut with the saw without expansive instruction or supervision, affirmatively acted with deliberate indifference to the rights and personal safety of H.C. and disregarded a substantial risk of harm to H.C. (ECF No. 3, ¶ 34). Defendants counter that the Court should dismiss Count I because Shaffer is entitled to qualified immunity. (ECF No. 8, p. 2). Defendants assert that "there is no clearly established constitutional right for a high school student to be provided with proper instructions and supervision in the use of a wood shop classroom jointer saw." (*Id.*). Plaintiffs respond that Shaffer is not entitled to qualified immunity and that he violated a clearly established constitutional right. (ECF No. 11, pp. 5-12).

State actors sued in their individual capacity under § 1983 are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) ("Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.") (internal citations and quotation marks omitted). When a qualified immunity defense is asserted, the Court must determine (1) whether the facts alleged by the plaintiff make out a violation of a constitutional right and (2) whether that right was clearly established at the time of the injury. *El v. City of Pittsburgh*, 975 F.3d 327, 334 (3d Cir. 2020). The Court may choose which step of the qualified immunity analysis to address first. *Id.* Here, the issue is more easily resolved by

addressing whether the right at issue was clearly established at the time of the alleged violation. Thus, the Court will address the second prong of the qualified immunity analysis at the outset.

    *i.*    *The Precise Right at Issue*

Before deciding whether the constitutional right Plaintiffs rely upon was clearly established, the Court must first frame in the precise contours of that right. Plaintiffs' claim is derived from the Due Process Clause of the Fourteenth Amendment which reads that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV, § 1. Plaintiffs do not consistently articulate what Fourteenth Amendment right this case implicates. In their complaint, Plaintiffs seemingly allege that H.C. was "deprived of his rights . . . namely [his] right to personal protection and to be secure in his person, and to due process. . . ." (ECF No. 3, ¶ 37). Plaintiffs further assert that H.C. was placed "in a dangerous position." (*Id.* ¶¶ 36, 39). Then, in their response to Defendants' Motion, Plaintiffs clarify that:

> [H.C.] had a substantive due process right to attend an educational setting without being compelled or directed to perform acts that placed him in a dangerous situation by an unreasonable instructor that knew or should have known that his directives were likely to place [H.C.] in a dangerous situation especially considering his youth, inexperience and receptiveness to authority.

(ECF No. 11, p. 7). They further frame the Fourteenth Amendment issue as follows:

> Here, the generalized constitutional right under the Due Process Clause in this context is the right to be free from affirmative intervention *i.e.* specific instructions from Defendant Shaffer, a state actor, directed to [H.C.], which knowingly or with gross recklessness placed him in a dangerous situation. A more specific constitutional right was defendant Shaffer directing [H.C.] to utilize dangerous equipment on school property without proper instruction or oversight.

(*Id.* at 9).

Before addressing the clearly established prong of the qualified immunity inquiry, the Court must define the right allegedly violated at the appropriate level of specificity. *Sharp v.*

5

*Johnson*, 669 F.3d 144, 159 (3d Cir. 2012).  Courts are "not to define clearly established law at a high level of generality."  *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (internal citations omitted).  The Court views Plaintiffs' articulation of the right at issue as overly broad.  Accepting Plaintiffs' generalized version of the right "would . . . convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights."  *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987).  The Court is required to frame the right at issue "in a more particularized, and hence more relevant, sense . . . in light of the case's specific context, not as a broad general proposition."  *See Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 638 (3d Cir. 2015) (internal citations omitted).

Here, the specific context is a student who was directed by his wood shop class instructor to use a saw that was not equipped with proper safety devices.  Shaffer allegedly directed H.C. to use the saw without meaningful instruction and supervision.  H.C. was subsequently injured by the blade of the saw.  The Court holds that the specific constitutional right under the Due Process Clause in this context is the right of students in wood shop class to be protected from injuries resulting from lack of supervision, deficient instruction, and absence of proper safety devices.  *See e.g., id.* at 635 (defining the constitutional right at issue quite narrowly and holding that there was no right to dry drowning-intervention protocols while participating in physical education class); *Eastman v. Smith*, No. CV 19-577, 2023 WL 1418314, at *4 (W.D. Pa. Jan. 31, 2023) (defining the right at issue as the "right to be protected from the failure to clamp a vise to a drill press table" during wood shop class).

     *ii.*    *The Clearly Established Prong of Qualified Immunity*

For qualified immunity purposes, the question is whether the law in this context was so well-established that it would have been apparent to a reasonable wood shop teacher that not directly supervising a student while using a saw, providing only brief verbal instructions, and not equipping the saw with proper safety devices violated that student's constitutional rights. Clearly established law for the purposes of qualified immunity means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wilson v. Layne*, 526 U.S. 603, 615 (1999). To determine whether a constitutional right is clearly established, the Court first looks to applicable precedent from the Supreme Court of the United States. If applicable Supreme Court precedent does not exist, "it may be possible that a 'robust consensus of cases of persuasive authority' in the Court[s] of Appeals could clearly establish a right for purposes of qualified immunity." *Mammaro v. New Jersey Div. of Child Prot. & Permanency*, 814 F.3d 164, 169 (3d Cir. 2016) (internal citations omitted). To find that a right is clearly established, there does not have to be "a case directly on point" although "existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741 (internal citations omitted). Stated another way, the Court need not find that "the very action in question has previously been held unlawful," *Anderson*, 483 U.S. at 640, but "rather may conclude that the firmly settled state of the law, established by a forceful body of persuasive precedent, would place a reasonable official on notice that his actions obviously violated a clearly established constitutional right," *Spady*, 800 F.3d at 639 (internal citations omitted).

No Supreme Court case has established a student's right to adequate safety devices, supervision, or instruction during wood shop class. The Court has not located a United States Court of Appeals for the Third Circuit decision establishing such a right. Plaintiffs seem to

acknowledge that there is not a case directly on point. Nevertheless, they argue that *L.R. v. School District of Philadelphia*, 836 F.3d 235 (3d Cir. 2016), *Sciotto v. Marple Newton Sch. Dist.*, 81 F. Supp. 2d 559 (E.D. Pa. 1999), and *Eastman v. Smith*, No. CV 19-577, 2023 WL 1418314, at *4 (W.D. Pa. Jan. 31, 2023) support their contention that the right at issue was clearly established. The Court disagrees.

The facts in *L.R.* are not remotely close to the facts presented here. In *L.R.*, a teacher permitted a kindergarten student to leave the classroom with an adult who failed to identify herself. *L.R.*, 836 F.3d at 239. The adult sexually assaulted the child later that day. *Id.* In the early hours of the next morning, a sanitation worker found the child in a playground after hearing her cries. *Id.* The Third Circuit held that the right at issue was a student's right not to be removed from a safe environment and placed into one in which it was clear that harm was likely to occur. *Id.* at 249. It found that this right was clearly established, even though there was no case directly on point, because there was analogous caselaw outlining a Fourteenth Amendment right not to be abandoned by police officers in dangerous situations. *Id.* at 249-50. Plaintiffs argue that the instant case is analogous to *L.R.* because H.C. was "directed to move to an unsafe environment where the jointer saw was located, instructed to utilize the saw which placed him in a dangerous environment where harm was likely to occur." (ECF No. 11, p. 10). Plaintiffs acknowledge that *L.R.* is "factually dissimilar" but contend that "this constitutional right was specific enough to constitute a clearly established right in this context." (*Id.*). The Court finds that the act of permitting a kindergarten student to leave a classroom with an unidentified adult is far afield from having a high school student use a saw during wood shop class without direct supervision, proper instruction, or adequate safety devices. Consequently, *L.R.* did not put Shaffer on notice regarding the alleged constitutional violation at issue here.

Plaintiffs' reliance on *Sciotto* is equally unavailing. *Sciotto* involved a wrestling coach who pitted a 16–year–old, 110–pound sophomore wrestler against a 22–year–old, 150–pound former member of an NCAA Division I wrestling team. *Sciotto*, 81 F. Supp. 2d at 561–62. While the two were grappling, the college athlete severely injured the victim's spine, ultimately resulting in quadriplegia. (*Id.*). The district court held that "a student's right, in a school setting, to freedom from school officials' deliberate indifference to, or acts that increase the risk of serious injury from unjustified invasions of bodily integrity perpetrated by third parties" was clearly established based on its canvassing of Supreme Court cases and Third Circuit precedent. *Id.* at 570. Notably, the Third Circuit later cast doubt upon the *Sciotto* decision noting that "there is no vigorous consensus of authority to support *Sciotto*'s broad holding." *Spady*, 800 F.3d at 640 n. 7.[2] Thus, any reliance on *Sciotto* is suspect at best. However, even assuming that *Sciotto* has any persuasive value, H.C. was not harmed by a third party, he was harmed by a piece of equipment in wood shop class. Like *L.R.*, *Sciotto* could not have informed Shaffer that his actions violated H.C.'s constitutional rights.

Finally, Plaintiffs' reliance on *Eastman* is perplexing as that court held no clearly established constitutional right existed in highly analogous circumstances. In *Eastman*, a student

---

[2] When discussing *Sciotto* in *Spady*, the Third Circuit compared the circumstances in *Ingraham v. Wright*, 430 U.S. 651, 671 (1977) (holding that a student's Fourteenth Amendment rights were implicated when a school official imposed punishment by restraining a child and inflicting appreciable physical pain) and *Stoneking v. Bradford Area School District*, 882 F.2d 720, 727 (3d Cir. 1989) (recognizing a student's Fourteenth Amendment right to be free from sexual assault by his or her teachers) with the circumstances present in *Sciotto* and *Spady* noting: "To equate the intentional infliction of painful corporal punishment or the sexual molestation of a student, however, with a student-athlete's unfortunate accident during wrestling practice or a rare instance of delayed drowning after swim class is a bridge too far." *Spady*, 800 F.3d at 640. Thus, the Third Circuit seemed to suggest that students' Fourteenth Amendment rights are not implicated even when public school employees' lack of supervision leads to an unfortunate accident or death. Instead, courts have found that students' constitutional rights are violated in public school settings when state actors engaged in "patently egregious and intentional conduct," *id.* at 641, which is absent from the instant case.

9

was injured during wood shop class when he was operating a drill press and the vise that was holding the wood onto the table slipped, injuring the student's hand on the machinery. *Eastman*, 2023 WL 1418314, at * 1. The specific right at issue was a student's right to be protected from the failure to clamp a vise to a drill press table during wood shop class. *Id.* at *5. After doing an in-depth analysis of caselaw, the court held that the wood shop teacher did not violate the student's clearly established right. It stated that it would be a "bridge too far" to hold that it was "beyond debate at the time of Plaintiff's accident that the right allegedly infringed upon was a clearly established constitutional right." *Id.* at *7. Thus, the *Eastman* court held that the wood shop teacher was entitled to qualified immunity. Plaintiffs attempt to distinguish *Eastman* by arguing that the *Eastman* defendant gave oral and written instructions regarding using the drill as well as a live demonstration. (ECF No. 11, p. 11). Plaintiffs argue that Shaffer "was patently unreasonable as he never gave tripe [sic] instructions" or "any meaningful instructions at all" as Shaffer only "briefly gave oral instructions." (*Id.* at 11-12). The Court is not persuaded by this distinction. The *Eastman* decision hinged on the lack of analogous precedent to support a holding that the defendant violated the student's clearly established constitutional right to be protected from a drill during wood shop class. The decision did not rely upon the fact that the instructor gave "triple instructions."[3] *Eastman* actually undermines any contention that Shaffer should have been on notice that his actions violated H.C.'s clearly established constitutional right.

---

[3] Plaintiffs also attempt to argue that *Eastman* is distinguishable because the plaintiff's claims in *Eastman* survived the motion to dismiss stage and were ultimately dismissed at summary judgment. (ECF No. 11, p. 8). The Court is not persuaded by this argument as the plaintiff's claims in *Eastman* may have only survived a motion to dismiss because the defense was not fully developed at that point in the litigation. *Eastman*, 2023 WL 1418314, at *3 n. 4 ("In denying Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Judge Conti did not discuss the defense of qualified immunity at great length, noting that Defendant raised such defense only in a conclusory manner and did not develop such argument."). Here, the qualified immunity defense has been thoroughly briefed by all parties and the issue is fully developed for review.

Moreover, cases from other district courts have found that there was no constitutional violation under similar circumstances. *See Grubbs v. Aldine Indep. Sch. Dist.*, 709 F. Supp. 127, 130 (S.D. Tex. 1989) (holding that there was no constitutional violation when a student was permitted to use a table saw in wood shop class without a safety guard); *Voorhies v. Conroe Indep. Sch. Dist.*, 610 F. Supp. 868, 873 (S.D. Tex. 1985) (holding that there was no constitutional claim when a wood shop teacher removed the safety guard on a power saw causing a student to severely lacerate his hand); *Moore v. Port Arthur Indep. Sch. Dist.*, 751 F. Supp. 671, 673-74 (E.D. Tex. 1990) (holding that there was no constitutional violation when a student was injured when a wood shop teacher stepped into a small storage room for additional supplies during class). Even if the constitutional right at issue is defined more broadly – such as a right to proper safety equipment and instruction when the state has created an affirmative danger – there is no caselaw establishing that this right is clearly established. *Cf. Hinterberger v. Iroquois Sch. Dist.*, 548 F. App'x 50, 54 (3d Cir. 2013) (holding that a cheerleading coach did not violate a student's clearly established constitutional right when the coach introduced a new stunt without using any safety matting because, in part, "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." (internal quotation marks omitted)).

The touchstone of the qualified immunity analysis is whether there was "sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited." *Mammaro*, 814 F.3d at 169. The Court's research has led it to conclude that there are no Supreme Court or Third Circuit cases which clearly establish the right on which Plaintiffs seek to rely. There is no consensus of persuasive authority that clearly establishes a student's right to be protected from injuries resulting

from lack of supervision, deficient instruction, or absence of proper safety devices during wood shop class. Shaffer's actions may be deemed negligent under Pennsylvania law. That is a question for another day and another forum. The question before the Court is whether Shaffer allegedly violated H.C.'s clearly established Fourteenth Amendment right. Given the state of the law in October 2023, there is no possibility that a reasonable wood shop teacher would have been aware or on notice that it was unconstitutional to direct a student to perform a cut with a saw without proper safety devices, supervision, or instruction.

Accordingly, the Court holds that Plaintiffs did not adequately allege that Shaffer violated a clearly established constitutional right. The Court's conclusion is buttressed by numerous rulings from other courts that address injuries caused by public-school employees. *See, e.g., Nix v. Franklin Cnty. Sch. Dist.*, 311 F.3d 1373, 1378–79 (11th Cir. 2002) (finding no viable constitutional claim when a student died after touching an exposed high-voltage wire during a science experiment); *Spady*, 800 F.3d at 638 (holding that a student did not have a clearly established right to dry-drowning intervention protocols while participating in physical education class); *Dorley v. S. Fayette Twp. Sch. Dist.*, No. 2:15-CV-00214, 2016 WL 3102227 (W.D. Pa. June 1, 2016) (holding that high school football coaches were entitled to qualified immunity when they told students that a football drill was non-contact when in actuality the drill was full-contact and bigger students were intentionally matched against smaller students).[4] Hence, the Court

---

[4] The Court's holding is also in accord with the traditional limits of the Fourteenth Amendment. *See Parratt v. Taylor*, 451 U.S. 527, 544 (1981) (stating that the Fourteenth Amendment is not intended to be "a font of tort law to be superimposed upon whatever systems may already be administered by the States" because the drafters of the Fourteenth Amendment did not intend "the Amendment to play such a role in our society"), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986).

concludes that Shaffer is entitled to the defense of qualified immunity as to Plaintiffs' Count I.[5] The Court will grant Defendants' Motion dismissing Count I with prejudice.[6]

## II.     Counts II-IV (State Law Claims)

Since the Court will dismiss Count I of Plaintiffs' complaint, the only remaining claims are state law tort claims over which the Court does not have original subject matter jurisdiction. The only possible basis for the Court to assert subject matter jurisdiction over Counts II-IV is supplemental jurisdiction.

A district court "may decline to exercise supplemental jurisdiction" over state law claims if it "has dismissed all claims over which it has original jurisdiction [,]" 28 U.S.C. § 1367(c)(3),

---

[5] The Court acknowledges that the Third Circuit has cautioned "that it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n. 3 (3d Cir. 2009). However, qualified immunity may be granted on a motion to dismiss "when it is established on the face of the complaint." *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 126 (D.N.J. 2017); *Leveto v. Lapina*, 258 F.3d 156,161 (3d Cir. 2001) ("[Q]ualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." (internal citations and quotation marks omitted)). Here, the Court finds that it is clear from the face of the complaint that Shaffer did not violate H.C.'s clearly established constitutional right. *See also Dorley*, 2016 WL 3102227 (granting a motion to dismiss based on qualified immunity because there was not a clearly established right in the specific context during football practice in a public school).

[6] The Court dismisses Count I with prejudice because any amendment by Plaintiffs would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (holding that a court may deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility). "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 JAMES WM. MOORE ET AL., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2021). The Court has held that there is not a clearly established right to proper safety devices, supervision, or expansive instructions when using a saw in wood shop class. Based upon the facts pled by Plaintiffs in their complaint, (ECF No. 3), there is no possible factual basis upon which the Court could find that H.C.'s alleged constitutional right was clearly established. Thus, any amendment would be futile because it would once again result in the Court holding that Shaffer is entitled to qualified immunity in relation to Count I of Plaintiffs' complaint.

unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction, *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). At this early stage of litigation, the Court finds that no factors or extraordinary circumstances exist that would warrant it exercising supplemental jurisdiction over Plaintiffs' negligence, respondeat superior, or negligent supervision state law claims. As such, the Court will dismiss Counts II-IV of Plaintiffs' complaint without prejudice for Plaintiffs to assert the claims in state court.

## IV.    CONCLUSION

For the forgoing reasons, the Court will dismiss Count I of Plaintiffs' complaint with prejudice and Counts II-IV without prejudice. An Order of Court will follow.

BY THE COURT:

/s/ William S. Stickman IV

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

1/6/25
Dated